UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EDMOND GRIGORYAN,

                              Plaintiff,

        -against-

AARON MATHEW JONES and KSA DELIVERY LLP,

                            Defendants.
------------------------------------------------------------------------X

Civil action No.: 1:22-CV-165

**COMPLAINT and DEMAND FOR JURY TRIAL**

      Plaintiff, EDMOND GRIGORYAN, by and through his attorneys, LAW OFFICE OF YURIY PRAKHIN, P.C., as and for his Complaint against Defendants, AARON MATHEW JONES and KSA DELIVERY LLP, upon information and belief, hereby alleges as follows:

### PARTIES

      1.     Plaintiff, EDMOND GRIGORYAN, was at all times material hereto, and still is, a resident of Richmond County, New York, and is otherwise *sui juris*.

      2.     Defendant, AARON MATHEW JONES, was and is, upon information and belief, a resident of Oklahoma County, in the City of Oklahoma City, and State of Oklahoma.

      3.     Defendant, KSA DELIVERY LLP, at all times material hereto, is a domestic limited liability partnership registered in the State of Oklahoma with its principal place of business located in Oklahoma County, at 18636 Cantar Drive, Edmond, OK 73012.

### JURISDICTION AND VENUE

      4.     This court has subject matter jurisdiction pursuant to 28 USC § 1332 Diversity of Citizenship and a claim in amount exceeding $75,000.00.

      5.     Venue for this claim is proper pursuant 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

6. On June 22, 2021, and at all times material hereto, Plaintiff, EDMOND GRIGORYAN, owned a 2019 RAM Promaster 3050 bearing license plate number 062221T and VIN Number 3C7WRVFG5KE503988.

7. On June 22, 2021, and at all times material hereto, Defendant, AARON MATHEW JONES, operated a 2013 Freight truck bearing license plate number 19C527 and VIN Number 1FVACWDUXDHFE9517.

8. On June 22, 2021, and at all times material hereto, Defendant, AARON MATHEW JONES, owned a 2013 Freight truck bearing license plate number 19C527 and VIN Number 1FVACWDUXDHFE9517.

9. On June 22, 2021, and at all times material hereto, Defendant, AARON MATHEW JONES, leased a 2013 Freight truck bearing license plate number 19C527 and VIN Number 1FVACWDUXDHFE9517.

10. On June 22, 2021, and at all times material hereto, Defendant, KSA DELIVERY LLP, owned a 2013 Freight truck bearing license plate number 19C527 and VIN Number 1FVACWDUXDHFE9517.

11. On June 22, 2021, and at all times material hereto, Defendant, KSA DELIVERY LLP, leased a 2013 Freight truck bearing license plate number 19C527 and VIN Number 1FVACWDUXDHFE9517.

12. On June 22, 2021, and at all times material hereto, Defendant, KSA DELIVERY LLP was the motor carrier for the 2013 Freight truck bearing license plate number 19C527 and VIN Number 1FVACWDUXDHFE9517.

13. On June 22, 2021, and at all times material hereto, Defendant, AARON MATHEW JONES, operated the aforesaid Freight truck with the permission of Defendant, KSA DELIVERY LLP.

14. On June 22, 2021, and at all times material hereto, Defendant, AARON MATHEW JONES, operated the aforesaid Freight truck with the knowledge of Defendant, KSA DELIVERY LLP.

15. On June 22, 2021, and at all times material hereto, Defendant, AARON MATHEW JONES, operated the aforesaid Freight truck with the express consent of Defendant, KSA DELIVERY LLP.

16. On June 22, 2021, and at all times material hereto, Defendant, AARON MATHEW JONES, operated the aforesaid Freight truck with the implied consent of Defendant, KSA DELIVERY LLP.

17. On June 22, 2021, and at all times material hereto, Defendant, AARON MATHEW JONES, operated the aforesaid Freight truck within the course of his employment as an employee or independent contractor of Defendant, KSA DELIVERY LLP.

18. At all times material hereto, Defendant, AARON MATHEW JONES, managed the aforesaid Freight truck.

19. At all times material hereto, Defendant, AARON MATHEW JONES, maintained the aforesaid Freight truck.

20. At all times material hereto, Defendant, AARON MATHEW JONES, controlled the aforesaid Freight truck.

21. At all times material hereto, Defendant, KSA DELIVERY LLP, managed the aforesaid Freight truck.

22. At all times material hereto, Defendant, KSA DELIVERY LLP, maintained the aforesaid Freight truck.

23. At all times material hereto, Defendant, KSA DELIVERY LLP, controlled the aforesaid Freight truck.

24. That on June 22, 2021, Plaintiff, EDMOND GRIGORYAN, was operating his motor vehicle and traveling northbound on Interstate 35 in Ardmore, Oklahoma.

25. That on June 22, 2021, Defendant, AARON MATHEW JONES, was operating the aforesaid Freight truck, and traveling northbound on Interstate 35 in Ardmore, Oklahoma when the front of the aforesaid Freight truck rear-ended the motor vehicle owned and operated by Plaintiff, EDMOND GRIGORYAN.

**COUNT I**
**PLAINTIFF, EDMOND GRIGORYAN'S CLAIM FOR NEGLIGENCE AGAINST DEFENDANT, AARON MATHEW JONES**

26. Plaintiff, EDMOND GRIGORYAN, re-affirms and re-alleges each of the allegations contained in paragraphs 1 through 25, as if they were fully and completely set forth herein, and further would allege as follows:

27. At all times material hereto, as the driver of the aforesaid Freight truck, Defendant, AARON MATHEW JONES, owed Plaintiff, as a member of the motoring public operating a vehicle on public roads, a legal duty to operate the aforesaid Freight truck with reasonable care.

28. That on June 22, 2021, Defendant, AARON MATHEW JONES, operated the aforesaid Freight truck in a careless and negligent manner so as to cause a collision with the motor vehicle owned and operated by Plaintiff, EDMOND GRIGORYAN, and was thereby negligent.

29. That as a direct and proximate result of the negligence of Defendant, AARON MATHEW JONES's negligence, as pled herein, the Plaintiff, EDMOND GRIGORYAN, was

injured in and around his body and extremities and/or aggravated a pre-existing condition; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; suffered loss of income in the past and will do so in the future; suffered loss for the capacity for the enjoyment of life; and/or incurred medical expenses for the care and treatment of his injuries. Said injuries are permanent and are continuing in nature, and the Plaintiff will continue to suffer these losses and impairments in the future.

30. Plaintiff, EDMOND GRIGORYAN's injuries consist in whole or in part of: (a) significant and permanent loss of a body organ, member, function, or system, and/or (b) permanent consequential limitation of use of a body organ or member, and/or (c) significant and permanent scarring or disfigurement, and/or (d) a medically determined injury or impairment of a non-permanent nature which prevents Plaintiff from performing substantially all of the material acts which constitute his usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

WHEREFORE Plaintiff, EDMOND GRIGORYAN, prays for entry of a judgment against Defendant, AARON MATHEW JONES, in an amount in excess of Seventy Five Thousand ($75,000.00) dollars, plus costs, and Plaintiff further demands trial by jury of all issues in this cause so triable as a matter of right.

**COUNT II**
**PLAINTIFF, EDMOND GRIGORYAN'S CLAIM FOR VICARIOUS LIABILITY AGAINST DEFENDANT, KSA DELIVERY LLP**

31. Plaintiff, EDMOND GRIGORYAN, re-affirms and re-alleges each of the allegations contained in paragraphs 1 through 30, as if they were fully and completely set forth herein, and further would allege as follows:

32. At all times material hereto, as the driver of the aforesaid Freight truck, Defendant, AARON MATHEW JONES, owed Plaintiff, as a member of the motoring public operating a vehicle on public roads, a legal duty to operate the aforesaid semi-tractor-trailer truck with reasonable care.

33. Upon information and belief, on June 22, 2021, Defendant, AARON MATHEW JONES, operated the aforesaid Freight truck with the permission of Defendant, KSA DELIVERY LLP.

34. Upon information and belief, on June 22, 2021, Defendant, AARON MATHEW JONES, operated the aforesaid Freight truck with the knowledge of Defendant, KSA DELIVERY LLP.

35. Upon information and belief, on June 22, 2021, Defendant, AARON MATHEW JONES, operated the aforesaid Freight truck with the express consent of Defendant, KSA DELIVERY LLP.

36. Upon information and belief, on June 22, 2021, Defendant, AARON MATHEW JONES, operated the aforesaid Freight truck with the implied consent of Defendant, KSA DELIVERY LLP.

37. Upon information and belief, on June 22, 2021, Defendant, AARON MATHEW JONES, operated the aforesaid Freight truck within the course of his employment as an employee or independent contractor of Defendant, KSA DELIVERY LLP.

38. At all times material hereto, Defendant, KSA DELIVERY LLP, is therefore vicariously liable for any negligence of Defendant AARON MATHEW JONES, in the operation of its vehicle with permission, knowledge, express consent, and/or implied consent.

39. At all times material hereto, Defendant, KSA DELIVERY LLP, is therefore vicariously liable for any negligence of Defendant, AARON MATHEW JONES, in the operation of its vehicle within the scope of his employment or agency.

40. That on June 22, 2021, Defendant, AARON MATHEW JONES, operated the aforesaid Freight truck in a careless and negligent manner so as to cause a collision with the motor vehicle owned and operated by Plaintiff, EDMOND GRIGORYAN, and was thereby negligent.

41. That as a direct and proximate result of the negligence of Defendant, AARON MATHEW JONES's negligence, as pled herein, the Plaintiff, EDMOND GRIGORYAN, was injured in and around his body and extremities and/or aggravated a pre-existing condition; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; suffered loss of income in the past and will do so in the future; suffered loss for the capacity for the enjoyment of life; and/or incurred medical expenses for the care and treatment of her injuries. Said injuries are permanent and are continuing in nature, and the Plaintiff will continue to suffer these losses and impairments in the future.

42. Plaintiff, EDMOND GRIGORYAN's injuries consist in whole or in part of: (a) significant and permanent loss of a body organ, member, function, or system, and/or (b) permanent consequential limitation of use of a body organ or member, and/or (c) significant and permanent scarring or disfigurement, and/or (d) a medically determined injury or impairment of a non-permanent nature which prevents Plaintiff from performing substantially all of the material acts which constitute his usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

WHEREFORE Plaintiff, EDMOND GRIGORYAN, prays for entry of a judgment against Defendant, KSA DELIVERY LLP, in an amount in excess of Seventy Five Thousand ($75,000.00)

dollars, plus costs, and Plaintiff further demands trial by jury of all issues in this cause so triable as a matter of right.

## COUNT III
## PLAINTIFF, EDMOND GRIGORYAN'S CLAIM FOR NEGLIGENT HIRING, TRAINING, AND RETENTION AGAINST DEFENDANT, KSA DELIVERY LLP

43. Plaintiff, EDMOND GRIGORYAN, re-affirms and re-alleges each of the allegations contained in paragraphs 1 through 42, as if they were fully and completely set forth herein, and further would allege as follows:

44. At all times material hereto, as the driver of the aforesaid semi-tractor-trailer truck, Defendant, AARON MATHEW JONES, owed Plaintiff, as a member of the motoring public operating a vehicle on public roads, a legal duty to operate the aforesaid semi-tractor-trailer truck with reasonable care.

45. At all times material hereto, upon information and belief, Defendant, AARON MATHEW JONES, operated the aforesaid Freight truck within the course of his employment as an employee or independent contractor of Defendant, KSA DELIVERY LLP.

46. At all times material hereto, Defendant, KSA DELIVERY LLP, failed to exercise reasonable care and was thereby negligent in one or more of the following respects:

    a. Defendant, KSA DELIVERY LLP, failed to exercise reasonable care to verify the suitability of Defendant, AARON MATHEW JONES, as a driver of the aforesaid Freight truck before hiring him as an employee or independent contractor;

    b. Defendant, KSA DELIVERY LLP, failed to exercise reasonable care to verify the ability of Defendant, AARON MATHEW JONES, to drive the aforesaid semi-tractor-trailer truck safely before hiring him as an employee or independent contractor;

c. Defendant, KSA DELIVERY LLP, failed to exercise reasonable care in investigating the background and driving records of Defendant, AARON MATHEW JONES, before hiring him as an employee or independent contractor;

d. Defendant, KSA DELIVERY LLP, failed to require Defendant, AARON MATHEW JONES, to possess a valid CDL license before operating the aforesaid Freight truck;

e. Defendant, KSA DELIVERY LLP, failed to exercise reasonable care before contracting with Defendant, AARON MATHEW JONES, to operate the aforesaid Freight truck.

f. Defendant, KSA DELIVERY LLP, before the time of the subject collision, knew or should in the exercise of reasonable care have known of the lack of suitability of Defendant, AARON MATHEW JONES, to operate the aforesaid Freight truck, but nevertheless retained Defendant, AARON MATHEW JONES, as an operator of the aforesaid Freight truck;

g. Defendant, KSA DELIVERY LLP, before the time of the subject collision, knew or should in the exercise of reasonable care have known of the inability of Defendant, AARON MATHEW JONES, to operate the aforesaid Freight truck safely and consequent lack of suitability to operate the aforesaid Freight truck, but nevertheless retained Defendant, AARON MATHEW JONES, as an operator of the aforesaid semi-tractor-trailer truck;

h. Defendant, KSA DELIVERY LLP, failed to offer or provide adequate training to Defendant, AARON MATHEW JONES, either before or after hiring him as an operator of the aforesaid Freight truck;

i. Defendant, KSA DELIVERY LLP, was otherwise negligent in connection with the hiring, training, or retention of Defendant, AARON MATHEW JONES, as an operator of the aforesaid Freight truck;

j. Defendant, KSA DELIVERY LLP, at all material times failed to comply with Oklahoma statutes, laws, and regulations, as well as Federal Motor Carrier Safety Act (FMCSA) requirements regulating the operation of Freight truck;

k. Defendant, KSA DELIVERY LLP, was otherwise negligent.

47. That on June 22, 2021, Defendant, AARON MATHEW JONES, operated the aforesaid semi-tractor-trailer truck in a careless and negligent manner so as to cause a collision with the motor vehicle owned and operated by Plaintiff, EDMOND GRIGORYAN, and was thereby negligent.

48. That as a direct and proximate result of the negligence of Defendant, AARON MATHEW JONES's negligence, as pled herein, the Plaintiff, EDMOND GRIGORYAN, was injured in and around his body and extremities and/or aggravated a pre-existing condition; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; suffered loss of income in the past and will do so in the future; suffered loss for the capacity for the enjoyment of life; and/or incurred medical expenses for the care and treatment of her injuries. Said injuries are permanent and are continuing in nature, and the Plaintiff will continue to suffer these losses and impairments in the future.

49. Plaintiff, EDMOND GRIGORYAN's injuries consist in whole or in part of: (a) significant and permanent loss of a body organ, member, function, or system, and/or (b) permanent consequential limitation of use of a body organ or member, and/or (c) significant and permanent scarring or disfigurement, and/or (d) a medically determined injury or impairment of a non-permanent nature which prevents Plaintiff from performing substantially all of the material acts which constitute his usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

WHEREFORE Plaintiff, EDMOND GRIGORYAN, prays for entry of a judgment against Defendant, KSA DELIVERY LLP, in an amount in excess of Seventy Five Thousand ($75,000.00) dollars, plus costs, and Plaintiff further demands trial by jury of all issues in this cause so triable as a matter of right.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury for all issues so triable.

Dated: Brooklyn, New York
January 11, 2022

Yours, etc.

/s/ Anna C. Broxmeyer

ANNA BROXMEYER, ESQ.
LAW OFFICE OF YURIY PRAKHIN, P. C.
*Attorneys for Plaintiff*
*EDMOND GRIGORIYAN*
1883 86th Street, 2nd Floor
Brooklyn, New York 11214
(718) 946-5099
Our File No. 00199-AB